IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLIE HENRY MOORE, | § | |
| TDCJ #401009, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-0115 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Charlie Henry Moore (TDCJ #401009, former TDCJ #297911), is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").  Moore has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge an administrative parole decision.  He has also submitted a memorandum of law with his petition.  After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.    BACKGROUND

Moore indicates that he was convicted of aggravated robbery in cause number 416831.  Court records reflect that, on April 23, 1985, a jury in the 179th District Court for Harris County, Texas, found Moore guilty in that case and sentenced him to life imprisonment.  Moore does not challenge his underlying conviction here.  Instead, as explained in more

detail below, Moore challenges a decision by prison officials that resulted in the denial of early release on parole.[1]

Moore explains that he was "granted" parole on June 25, 2009, and informed that he would be released by the end of August 2009.  On August 18, 2009, however, the parole board formally "withdrew" its June 25, 2009 decision to grant parole based on "new information" that was "not previously considered[.]"  As a result, Moore was denied parole. He remains incarcerated at the Stiles Unit in Beaumont.

In a petition and memorandum dated January 4, 2012, Moore seeks relief from the parole board's decision on the following grounds: (1) he was denied parole or parole was withdrawn without due process because he was not afforded a hearing; and (2) he was denied parole or parole was withdrawn in violation of the right to equal protection.  The petition, which was filed well over one year from the time that the parole board issued its decision on August 18, 2009, appears barred by the governing one-year statute of limitations for federal

---

[1]    There are two ways in which a Texas inmate becomes eligible for early release from imprisonment.  The first is by "parole" and the second is by "mandatory supervision" release.  "Parole" means "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division."  TEX. GOV'T CODE § 508.001(6). "Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5).  Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced."  *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007).  Moore is not eligible for mandatory supervision. *See Moore v. Quarterman*, Civil No. H-08-3454 (S.D. Tex. Dec. 2, 2008).  Accordingly, this case concerns only Moore's potential release on parole.

habeas corpus review.  *See* 28 U.S.C. § 2244(d)(1)(D).  More importantly, Moore is not entitled to federal habeas corpus relief because his claims are without merit for reasons that follow.

## II.    **THE PETITION IS WITHOUT MERIT**

According to Moore, the Texas Court of Criminal Appeals rejected his claims on state habeas corpus review.  *See Ex parte Moore*, No. 16,723-07 (Tex. Crim. App. Dec. 7, 2011).  Because this was an adjudication on the merits, Moore is not entitled to federal habeas corpus relief unless the state court's conclusion:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362 (2000).  Even under the liberal construction accorded to *pro se* litigants, Moore falls far short of this standard.

### A.    **Due Process and Parole in Texas**

Moore complains that he was denied parole, or that a decision granting parole was withdrawn improperly, without a hearing.  Moore complains, therefore, that prison officials violated his rights under the Due Process Clause of the Fourteenth Amendment during his parole review proceeding.

Prison inmates typically are entitled to protection under the Due Process Clause only when an official action infringes upon a constitutionally protected liberty interest.  *See*

*Sandin v. Conner*, 515 U.S. 472 (1995).  Liberty interests emanate from either the Due Process Clause itself or from state law.  *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).  The United States Supreme Court has recognized that the states have no duty to establish a parole system and that there is no constitutional right to be released on parole before the expiration of a valid sentence.  *See Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) (explaining that "statutes or regulations that provide that a prole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 11 (1979) (holding that a statute which "provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process").  Thus, Moore's due process claim depends on the existence of an interest created by state law.

The Fifth Circuit has recognized repeatedly that the Texas parole statutes create no constitutional right to release on parole because they encourage no expectancy of early release.  *See Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981) (Texas parole statute does not create a protectable expectancy of release, as recognized in *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979), but rather creates nothing more than a hope of parole); *see also Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993); *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir. 1991).  Thus, it is settled that Texas inmates "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).  Absent a protected liberty interest in parole,

the Fifth Circuit has emphasized that a Texas prisoner cannot challenge any state parole review procedure on procedural or substantive due process grounds.  *Id.* (citations omitted).

Moore does not demonstrate that he was denied parole in violation of a constitutionally protected liberty interest.  Nor does he establish that the state court's decision to deny relief was incorrect or unreasonable.  Accordingly, Moore is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d) on this issue.

### B.      Equal Protection

Moore alleges further that he was denied parole, or that parole was withdrawn after additional consideration of new information, in violation of the Equal Protection Clause found in the Fourteenth Amendment.  The Equal Protection Clause simply requires that similarly situated persons be treated alike.  *See Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).  To establish an equal protection claim, a petitioner must demonstrate that (1) the state created two or more classifications of similarly situated prisoners that were treated differently; and (2) the classification had no rational relation to any legitimate governmental objective.  *See Johnson v. Rodriguez*, 110 F.3d 299, 306-07 (5th Cir. 1997). A plaintiff may also state an equal protection claim if he alleges that his disparate treatment was motivated by an illegitimate animus or ill-will.  *See Shipp v. McMahon*, 234 F.3d 907, 916 (5th Cir. 2000) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)), *overruled on other grounds by McClendon v. City of Columbia*, 305 F.3d 314, 328-29 (5th Cir. 2002); *see also Mikeska v. City of Galveston*, 451 F.3d 376, 381 & n. 4 (5th Cir. 2006) (listing different types of equal protection claims based on a class of one).

Moore does not provide any details in support of this claim or demonstrate that he has been treated differently from other similarly situated inmates.  Likewise, Moore does not allege facts showing that he has been singled out for ill treatment for any impermissible reason.  Moore has not demonstrated the requisite disparate treatment and, therefore, he fails to state a claim upon which relief can be granted under the Equal Protection Clause.  More importantly, he fails to show that the state court's decision to deny relief was incorrect or unreasonable for purposes of review under 28 U.S.C. § 2254(d).  It follows that Moore is not entitled to relief on this claim.

The federal courts are authorized to dismiss habeas corpus petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief.  28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because the claims raised by the petitioner are clearly without merit, the petition lacks an arguable basis in law and is subject to dismissal for that reason.  *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).  Accordingly, the petition will be denied and this case will be dismissed.

## III.    CERTIFICATE OF APPEALABILITY

The habeas corpus petition in this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253.  Thus, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit

justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  Because the issues presented concern clearly settled areas of law, the Court concludes that a certificate of appealability is not warranted.  Accordingly, a certificate of appealability will not issue.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.    The petitioner's motion for leave to proceed *in forma pauperis* [Doc. # 4] is **GRANTED**.

2.    The federal habeas corpus petition is **DENIED** and this case is **DISMISSED** with prejudice.

3.    A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on January 23, 2012.

_____
Nancy F. Atlas
United States District Judge